| | |
|---|---|
| 1 | JAMES V. FITZGERALD, III (State Bar No. 55632) |
| 2 | NOAH G. BLECHMAN (State Bar No. 197167)<br>MCNAMARA, NEY, BEATTY, SLATTERY, |
| 3 | BORGES & AMBACHER LLP<br>1211 Newell Avenue |
| 4 | Walnut Creek, CA 94596<br>Telephone: (925) 939-5330 |
| 5 | Facsimile: (925) 939-0203 |
| 6 | Attorneys for Defendants |

CHRISTOPHER B. DOLAN (State Bar No. 165358)
QUINTON B. CUTLIP (State Bar No. 168030)
THE DOLAN LAW FIRM
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 421-2800

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDRICK HARVEY individually and MARY OCTAVIA DORROUGH as guardian ad litem for minors AS and RH,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Antioch, Antioch Police Department, Police Chief James Hyde, Acting Antioch Police Chief Allan Cantando, Detective James Stenger, Detective Michael Mellone, Detective D. Bittner (Badge 3252), Detective Wisecarver (Badge 2363), Detective Vincelet (Badge number unknown), Detective Mortimer (Badge number unknown), City of Pittsburg, Pittsburg Police Department, Police Chief Aaron L. Baker, and DOES 1 to 100,<br><br>Defendants. | Case No. C11-04986 SBA<br><br>STIPULATION AND [PROPOSED] ORDER CONTINUING PRE-TRIAL AND TRIAL DATES DUE TO DEATH OF A PLAINTIFF<br><br>Judge: Hon. Saundra B. Armstrong<br>Trial Date: July 15, 2013 |

C11-04986 SBA

WHEREAS this civil rights action is currently pending in the above entitled Court.

WHEREAS a Plaintiff, Edrick Harvey, passed away unexpectedly on March 2, 2013 of what is believed to have been congestive heart failure.

WHEREAS Edrick Harvey is a named plaintiff and the mother of the other two plaintiffs in this civil rights case. Ms. Harvey was a single mother. She was not married, and her closest living relatives, other than her children, appear to live out of state. This sadly unexpected turn of events presents some difficult issues, including whether an estate is to be set up for Ms. Harvey and the care of Ms. Harvey's children, the two remaining plaintiffs. Plaintiff A.S. is a high school student who recently became 18 years old last January. Plaintiff R.H. turned 15 years old on March 2, 2013, the day his mother passed away. R.H.'s guardian ad litem for purposes of this litigation is Chelsea Stingley.

WHEREAS the family is in mourning. Ms. Harvey has yet to be buried. It is not clear at this point to Plaintiffs' Counsel who will be responsible for making decisions about setting up any potential estate and about continuing Ms. Harvey's claims in this litigation.

WHEREAS Plaintiffs' Counsel is serving and filing a Statement Noting The Death of Plaintiff Edrick Harvey, pursuant to Federal Rule of Civil Procedure, Rule 25(a)(1). Plaintiffs will then have 90 days after service of the statement to file a motion to substitute a "proper party" in the place of decedent Edrick Harvey, pursuant to FRCP 25(a)(1). Once decisions about how to proceed in this litigation can be made, Counsel for Plaintiffs will prepare a motion for substitution to ensure that all of the plaintiffs' interests are properly represented. Until such time, however, the parties cannot continue to litigate this case.

WHEREAS the parties are currently facing pending deadlines, including a deadline to file dispositive motions by no later than March 23rd 2013 (or earlier per the court's availability). However, at this point, there is no representative for Edrick Harvey and no such motions can be filed or defended at this time.

WHEREAS the approaching trial date of July 15, 2013, is also affected by this new and unfortunate development. Given the state of Ms. Harvey's family, Counsel for Plaintiffs cannot

foresee at this time how long it will take to coordinate the issues involving Ms. Harvey's passing.

WHEREAS, given pending deadlines, the parties believe that the requested continuances are best handled through stipulation and proposed order rather than by noticed motion.

WHEREAS, THEREFORE, Plaintiffs and Defendants agree and respectfully request that all currently set pre-trial and trial dates should be vacated, including the deadline to file dispositive motions. They request that the Court set this matter for a case management conference in 90 days, or as soon thereafter as is convenient for the Court. By that time it is expected that the proper motion(s) should have been filed according to FRCP 25(a).

**IT IS HEREBY STIPULATED, AGREED, AND REQUESTED**, by and between the parties to this action, through their respective counsel, that the trial date and all other pre-trial deadlines should be vacated and a case management conference should be scheduled in 90 days, or as soon thereafter as the Court is available, to set a new trial date and new pre-trial deadlines.

Dated: March 11, 2013

THE DOLAN LAW FIRM

By: _____
Christopher B. Dolan
Quinton B. Cutlip
Attorneys for Plaintiffs

Dated: March 11, 2013

MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants

///

///

[PROPOSED]
COURT ORDER
===========

PURSUANT TO STIPULATION, THE COURT FINDS GOOD CAUSE TO MAKE THE FOLLOWING ORDERS:

The currently set pre-trial and trial dates in this civil action are VACATED. The parties are ordered to appear for a further telephonic case management conference on __JULY 17__, 2013, at _2:30_ ~~a.m.~~/p.m. The parties are to submit a joint case management conference statement no later than __JULY 15__, 2013.

**IT IS SO ORDERED**

DATED: _3/12/13_

_Saundra B. Armstrong_
Hon. Saundra B. Armstrong
United States District Court Judge

C11-04986 SBA                                    4